IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| LACHARLES CRITTENDEN | PLAINTIFF |
| VS. Case No. 06-CV-4048 | |
| TX NEWCO, LLC d/b/a Waste Management | DEFENDANT |
| ARKANSAS DEPARTMENT OF HEALTH & HUMAN SERVICES, DIVISION OF MEDICAL SERVICES | INTERVENOR PLAINTIFF |
| VS. | |
| TX NEWCO, LLC | INTERVENOR DEFENDANT |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff LaCharles Crittenden's Motions for Default Judgment and to Remand. (Docs. 1-3 and 2) Defendant TX Newco, LLC d/b/a Waste Management has responded. (Docs. 1-5 and 8) Also before the Court is Defendant TX Newco, LLC d/b/a Waste Management's Motions to Dismiss, or in Alternative, to Answer and to Quash Service of Process. (Docs. 1-4, 1-6 and 3) Crittenden has responded. (Docs. 1-9 and 7) Crittenden has also filed replies. (Docs. 1-8 and 9) The Court held a hearing on these motions on July 14, 2006. The Court has also received letter briefs setting forth the parties arguments regarding an issue not presented in the motions and briefs filed prior to the hearing. The Court finds the motions ripe for consideration.

# I. BACKGROUND

On April 25, 2005, Crittenden was injured when a garbage truck owned by Defendant[1] and operated by Mark Murray, Defendant's employee, ran over him as he walked down a street in Texarkana, Arkansas. On March 21, 2006, Crittenden, his attorney, a representative of Waste Management, Inc., Thomas Hamilton, and Waste Management's attorney participated in an unsuccessful pre-suit mediation of Crittenden's negligence claims. In preparing to start litigation against Waste Management, Crittenden's counsel concluded that neither Waste Management nor TX Newco, LLC were registered to do business in Arkansas and had no registered agents for service of process in Arkansas. Hamilton had provided Crittenden's counsel with a business card at the mediation, reflecting a business address as 1001 Fannin, Suite 4000, Houston, Texas, 77002. (Doc. 1-8, Ex. B) On March 27, 2006, Crittenden's counsel e-mailed the Texas Secretary of State asking the state of registration and agent for service of process for TX Newco, LLC. (Doc. 1-8, Ex. A) The Texas Secretary of State responded that TX Newco, LLC was a Delaware limited liability company, that its address was TX Newco, L.L.C. c/o Waste Management, Inc., 1001 Fannin Suite 4000, Houston, Texas 77002, and that its registered agent for service of process was C T Corporation System at 1021 Main Street, Suite 1150, Houston, Texas 77002. *Id*.

On March 28, 2006, Crittenden filed this suit against TX Newco, LLC d/b/a Waste Management in the Circuit Court of Miller County, Arkansas. (Doc. 1-1) On the same date, Crittenden's attorney attempted to perfect service of process on Defendant under Ark. Code Ann.

---

[1] The garbage truck bore the logo of Waste Management but was apparently owned by TX Newco, LLC, a subsidiary of Waste Management, Inc.

§ 16-4-101, et seq., Arkansas' long-arm statute. Crittenden's attorney had the complaint and summons delivered to "TX Newco LLC c/o Waste Management" at 1001 Fannin, Suite 400, Houston, Texas 77002 (Doc. 1-3, Ex. C), the business address provided by Hamilton and the Texas Secretary of State. Crittenden's attorney did not attempt to serve Defendant through C T Corporation System, the registered agent for service of process in Texas. The delivery of the complaint and summons was by certified mail, restricted delivery, with return receipt requested. *Id.* Maria Wood signed the receipt for the complaint and summons on April 3, 2006. *Id.* Wood is not a registered agent to accept service of process for TX Newco, LLC.

On May 10, 2006, Crittenden filed a motion for default judgment. Defendant responded arguing Crittenden's service was not valid under Arkansas' long arm statute and also filed a motion to dismiss. On June 16, 2006, Defendant removed the suit to this Court alleging jurisdiction based on diversity of citizenship. After removal, Defendant filed a motion to quash service of process, and Crittenden filed a motion to remand arguing Defendant's removal was not timely. The two issues the Court must discuss are whether Crittenden's service of process is sufficient under Arkansas' long arm statute and whether Defendant's removal was timely. More specifically, the Court must address whether, as Defendant argues, Arkansas' long arm statute must be read in conjunction with Ark. R. Civ. P. 4 to determine whether service of process is sufficient or if the Court, as Crittenden argues, should only look to the text of the long arm statute to determine whether service of process is sufficient.

## II. DISCUSSION

The relevant part of Arkansas' long arm statute reads:

A. Manner and Proof of Service

1. When the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made: ...

   (c) By any form of mail addressed to the person to be served and requiring a signed receipt[.] ...

C. Individuals to Be Served; Special Cases. When the law of this state requires that in order to effect service, one (1) or more designated individuals be served, service outside this state under this section must be made upon the individual or individuals.

Ark. Code Ann. § 16-4-102(A)(1)(c), (C). Crittenden argues that he has met the criteria of § 102 because he mailed the complaint and summons to a "the person to be served" (i.e., TX Newco, LLC) and the receipt was signed by Wood. Defendant argues § 102 must be read in conjunction with Ark. R. Civ. P. 4, which would ultimately require stricter criteria than Crittenden suggests, specifically that either its registered agent for service of process or an appropriate natural person be served with process.

The Court agrees with Defendant. Section 102(C) requires that to effect service, a "designated individual" be served and that service outside Arkansas must be made upon these designated individuals. Arkansas Rule of Civil Procedure 4 is the obvious place to look for "designated individuals" to serve under the Arkansas long arm statute. The Court finds that to effect service under Arkansas' long arm statute, a party must serve designated individuals as set forth in Ark. R. Civ. P. 4. Arkansas Rule of Civil Procedure 4(e)(1), (3) reads:

(e) *Other Service.* Whenever the law of this state authorizes service

> outside this state, the service, when reasonably calculated to give actual notice, may be made:
>
> (1) By personal delivery in the same manner prescribed for service within this state; [or]
>
> (3) By mail as provided in subsection (d)(8) of this rule ... .

Within the state of Arkansas, service on a limited liability company may be made "by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons." There is no evidence before the Court that Maria Wood was "an officer, partner..., managing or general agent, or the agent authorized by appointment or by law to receiver service of summons" for TX Newco, LLC. Alternatively, Crittenden could have perfected service on TX Newco, LLC "by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. (d)(8)(A)(I). However, "[t]he addressee must be a natural person specified by name... ." *Id.* Here, the addressee Crittenden chose to use was not a natural person; Crittenden chose to use the limited liability company itself as an addressee. The Court concludes Crittenden did not perfect service under Arkansas' long arm statute because he did not serve a "designated individual" pursuant to § 102. Therefore, Crittenden's motion for default judgment will be denied and Defendant's motion to quash service of process will be granted.

The Court turns to the issue of whether Defendant correctly removed this case. Crittenden argues that since he faxed a copy of his motion for default judgment and a copy of the complaint to Defendant's attorney on May 10, 2006, the time for removal started on that date. Under Crittenden's argument, Defendant removed this case 6 days past the thirty-day time limit

for removal found in 28 U.S.C. § 1446(b). Informal service based upon faxed copies of file-marked complaints does not start the 30 day period to remove in § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999). Prior to the *Murphy Bros.* decision, the United States Court of Appeals for the Ninth Circuit held that service of the initial pleading on a defendant's attorney is not sufficient to start the 30 day limit in § 1446(b) when the attorney is not the defendant's registered agent for service of process. *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246 (9thCir.1987). The Court finds that the faxed copy of the complaint to Defendant's attorney did not start the thirty-day time period in § 1446(b). The Court finds that Defendant's removal of this action was timely.

Crittenden also argues that a defendant may not remove a case prior to the thirty-day time period in § 1446(b) starting to run. The Court disagrees. The 30 day time period in § 1446(b) merely requires defendants exercise due diligence to remove cases within a specific time and does not render class of cases unremovable by virtue of fact that time limit is not yet running. *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D.Ala.1986). The Court finds Defendant's removal was not premature as argued by Crittenden and that Defendant's removal was timely. Therefore, Crittenden's motion to remand will be denied.

Crittenden's attempted service of process was not valid. However, Defendant has indicated it is ready to defend this suit and Crittenden need not attempt to serve it again. Defendant has filed an Answer. (Doc. 5) Defendant's motion to dismiss will be denied.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds Crittendent's Motion for Default Judgment and to Remand should be and hereby are **denied,** Defendant's Motion to Quash

6

Service should be and hereby is **granted,** and Defendant's Motion to Dismiss should be and hereby is **denied.** The Court will issue an Initial Scheduling Order in the near future.

IT IS SO ORDERED, this 17th day of August, 2006.

                                               /s/ Harry F. Barnes
                                               Hon. Harry F. Barnes
                                               U.S. District Court